## BRANCH v PERRINER

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 9207.   Decided Jan. 14, 1929

Geiger & Williams, Cleveland, for Branch.
John H McNeal, Cleveland, for Perringer.

Middleton, PJ and Mauck, J of the 4th Dist and Farr, J of the 7th Dist, sitting.

**MAUCK, J**

There was enough evidence in the record to go to the jury upon the question of the defendant's negligence, but the trial court must have found that plaintiff was himself at the time of the accident guilty of contributory negligence in these particulars:

(1)   In that the plaintiff was not driving with the lights required by the statute and but for the abscence of such lights he would have seen the parked car into which he drove his machine.

(2)   That the plaintiff, at the time of the collision, was driving his car at such a rate of speed that the legal inference arises that it was unsafe and unlawful.

(3)   That he turned his machine to the right and by so turning ran into the defendant's automobile at a time when the plaintiff was so blinded that he did not see where he was going.

Certainly this combination of facts raises a presumption of negligence that prevented

the plaintiff from recovering until such presumption was met. Indeed we may say that these facts not only raised that presumption but of themselves established such contributory negligence that plaintiff, as a matter of law, could not recover.

Middleton, PJ, and Farr, J, concur.